# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

DAVID URENA, )
)
      Plaintiff, )
)
vs. ) No. 15-5049-CV-SW-FJG-SSA
)
CAROLYN W. COLVIN, )
)
      Defendant. )

## ORDER

      This case involves application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Plaintiff filed his application for disability insurance benefits on April 23, 2012. Plaintiff's application for benefits was denied initially. Plaintiff then appealed the denial to an administrative law judge. On January 17, 2014, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On March 25, 2015, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

      The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ did not address or weigh the opinion of the examining clinical psychologist and also because the ALJ omitted a physician's limitation that the plaintiff had hearing limitations and should avoid work environments with a lot of background noise. The Court agrees that the ALJ erred in both of these instances. With regard to the clinical psychologist, while the ALJ referenced the psychologist's report in his opinion and incorporated some of her limitations into the RFC, the ALJ did not state what weight he gave this opinion and also failed to explain why he did not adopt all of the psychologist's limitations into the RFC. Additionally, although the ALJ assigned "significant weight" to the opinion of Dr. Ceasar, the ALJ failed to explain why he did not incorporate into the RFC, Dr. Ceaser's finding that plaintiff had hearing limitations in both ears and her recommendation that plaintiff should avoid environments with a lot of background noise. For these reasons the Court finds that the ALJ's decision is not supported by substantial evidence in the record. The Court therefore remands this case to the Commissioner for a new administrative hearing. Accordingly, it is hereby

2

**ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 7) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).


Date: September 14, 2016                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                           United States District Judge